BUFFALO FORGE CO. v. COLUMBUS & HOCKING CLAY CONST. CO.

(Supreme Court, Special Term, Erie County.   September, 1908.)

1. RECEIVERS—RELATION TO LIABILITIES.
   Where N. was indebted to plaintiff, and defendant was indebted to N., the appointment of a receiver for N. made him a party to N.'s indebtedness to plaintiff, to the extent of assets in his hands properly applicable to the payment of the debt to plaintiff, so far as this is necessary to the enforcement by plaintiff of defendant's promise to the receiver to pay a certain sum to plaintiff in settlement of defendant's debt to the receiver.

2. SAME—AUTHORITY TO PAY.
   A receiver, without being specially authorized, cannot pay a creditor of the insolvent.

3. SAME—AUTHORITY TO COMPROMISE CLAIM.
   A receiver, with no other authority than that of being "duly appointed," is not authorized to compromise a claim of the insolvent by accepting a less sum than due on condition that the debtor pay a part of the compromise amount to a creditor of the insolvent to the extent of the creditor's claim; so that a complaint based on such an agreement should show the receiver's authority to make it.

Action by the Buffalo Forge Company against the Columbus & Hocking Clay Construction Company.   Defendant demurs to . the complaint, as stating no cause of action.   Demurrer sustained.

John M. Chipman, for plaintiff.
Robert Forsyth Littlek, for defendant.

BROWN, J.   It is alleged in the complaint that Niles Boiler Company was indebted to plaintiff in sum of $2,640.50 for goods had and received; that defendant was indebted unto Niles Boiler Company for $20,975 balance due on fully performed contract to build gas holder, etc.; that Niles Boiler Company went into hands of H. S. Pell as receiver; that defendant, in settling its indebtedness of $20,975 to Pell as receiver, agreed with Pell to pay $2,640.50 to plaintiff and to save Pell and Niles Boiler Company harmless from plaintiff's claim, and Pell as receiver thereupon discharged defendant from its indebtedness to that extent; that plaintiff has accepted promise of defendant to pay debt to plaintiff, demanded same, which has been refused, and demands judgment against defendant for $2,640.50.   This complaint is demurred to upon the ground that these facts do not constitute a cause of action, and in the defendant's brief submitted it is urged that the promise by defendant that it would pay plaintiff is of no validity, because plaintiff is not a party thereto, and that the promise was made to a receiver of Niles Boiler Company, and that such receiver was not a party to the indebtedness of Niles Boiler Company to plaintiff.

By the appointment of Pell as receiver of Niles Boiler Company, he thereby became a party to the indebtedness of Niles Boiler Company to plaintiff to the extent of assets in his hands properly applicable to the payment of the debt.   The promise of the defendant, made to the receiver, that defendant would pay its debt owing to the receiver to the plaintiff, was entered into by the defendant for the benefit of the plaintiff.   The benefit to the plaintiff was the direct and natural result

of the performance by the defendant of its promise.  The receiver, the promisee, had a legal interest in having the promise performed, for it released all assets in his hands from plaintiff's claim.  There was an obligation and duty owing from the receiver to the plaintiff.  He was bound to see that the plaintiff's claim was paid to the extent of the assets of Niles Boiler Company in his hands that were properly applicable to such payment, and such obligation or duty of the receiver gave the plaintiff a legal or equitable claim upon such assets, which by the performance of defendant's promise would be satisfied, and because the defendant has failed to keep its promise the plaintiff has his cause of action therefor.

Such cause of action, however, is dependent upon the authority of the receiver to appropriate the claim against defendant for the payment of plaintiff's claim.  It is alleged in the complaint that the receiver agreed with defendant that the receiver's claim of $20,975 against defendant would be settled and compromised by the payment of a less amount than was actually due, and in consideration thereof defendant agreed to pay the plaintiff's claim in full and save the Niles Boiler Company and the receiver harmless therefrom.  The title of the plaintiff, therefore, to the claim against the defendant, depends upon the right and power of the receiver to make such compromise and in effect pay plaintiff's claim.  If the receiver has the power as a matter of law under his bare appointment to make such a compromise and pay plaintiff's claim, it is not necessary to allege such fact in the complaint.  The complaint simply alleges that Pell was duly appointed receiver of the Niles Boiler Company and of its assets.  Whether temporary or permanent, whether by a court or agreement under trust deed, does not appear.  Even assuming that, under such allegation, plaintiff could prove the broadest kind of a receiver known to our law, such a receiver could not declare a dividend and pay a creditor of the insolvent corporation without being specifically authorized by the appointing power.  No receiver that is known to insolvent debtor acts can compromise claims and with the avails of such compromise pay a creditor until authorized by the court to declare a dividend.  The enforcement of defendant's promise to pay plaintiff's claim would be in effect an appropriation by plaintiff of assets of an insolvent corporation, Niles Boiler Company, and, to constitute a payment by defendant of any part of its debt to the receiver or the corporation, must be consented to by the receiver acting under authority so to do.

A receiver of assets of an insolvent corporation, with no other authority than that of having been "duly appointed," is not authorized to compromise claims owned by the insolvent against a debtor by accepting of a less amount than actually due upon condition that the debtor shall pay a part of the compromise amount to a creditor of the insolvent to the full amount of the creditor's claim.  The plaintiff's complaint is defective, in that it does not allege facts upon which the authority of the receiver to compromise defendant's claim and with the avails pay plaintiff's claim is based.

Demurrer sustained, with leave to plaintiff to plead anew upon payment of costs, to be taxed.